IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02589-PAB-TPO

AMR KHALED NAJI,

Plaintiff,

v.

CITY OF LOVELAND, COLORADO, and
COREY RICHARDS, in his individual capacity and in his official capacity,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendant Corey Richards's Rule 12(b)(6) Motion to Dismiss [Docket No. 23] and Defendant City of Loveland's Motion to Dismiss [Docket No. 24]. Plaintiff filed a response. Docket No. 32. Defendants filed replies. Docket Nos. 35, 36. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. FACTS[1]

In November 2023, Detective Corey Richards of the Loveland Police Department initiated a criminal investigation into alleged online communications involving minors. Docket No. 22 at 3, ¶ 7. The investigation ultimately resulted in criminal charges being filed against plaintiff Amr Naji. *Id.* at 3-4, ¶ 9. Detective Richards did not verify ownership of the device at issue, conduct forensic examinations, rule out alternative

[1] The well-pleaded facts below are taken from plaintiff's first amended complaint, Docket No. 22, and are presumed to be true for purposes of ruling on defendants' motions to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

suspects or verify alibi evidence. *Id.* at 4, ¶ 11. Detective Richards misinterpreted or ignored data obtained from third parties, such as Verizon and TikTok. *Id.*, ¶ 12. Mr. Naji was residing in Michigan and had no connection to the IP address, devices, or activity that served as the basis for the criminal allegations. *Id.*, ¶ 13.

The Larimer County, Colorado District Attorney's Office (the "Larimer County DA") charged plaintiff in Larimer County Criminal Case No. 24CR682. *Id.*, ¶ 15. Plaintiff was forced to retain counsel. *Id.*, ¶ 16. Plaintiff's defense counsel in the state criminal case presented digital evidence that implicated another individual, Ali Katato, in the charged crimes. *Id.* at 5, ¶ 18. Mr. Katato was indicted for Sexual Exploitation of a Child and Coercion and Sexual Exploitation of a Child in the United States District Court for the Eastern District of Michigan in *United States v. Katato*, Case No. 2:25-mj-30167. *Id.*, ¶ 22.

An expert forensic examiner conducted an independent analysis of the digital evidence and concluded that plaintiff was not the source of the activity underlying the charged crimes. *Id.* at 6, ¶ 29. The forensic examiner's investigation revealed that the online account at issue was registered to a phone number not associated with plaintiff. *Id.*, ¶ 30. The digital communications originated from an Apple device with no connection to plaintiff. *Id.*, ¶ 31. The IP address and geolocation data placed the device at issue in a location inconsistent with plaintiff's whereabouts and was instead linked to the whereabouts of Mr. Katato. *Id.* at 6-7, ¶ 32.

The exculpatory digital evidence was readily discoverable through basic forensic methods. *Id.* at 7, ¶ 33. After the forensic examiner presented his findings to the Larimer County DA, the Larimer County DA moved to dismiss the charges against

plaintiff. *Id.*, ¶ 35. On March 27, 2025, the Larimer County District Court dismissed the criminal case against plaintiff. *Id.*, ¶ 36.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to

dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### B. Qualified Immunity

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard. *Currier v. Doran*, 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional

rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

## III. ANALYSIS

Plaintiff brings the following claims pursuant to 42 U.S.C. § 1983: (1) False Arrest in violation of the Fourth Amendment; (2) Malicious Prosecution in violation of the Fourth and Fourteenth Amendments; (3) violation of plaintiff's Fourteenth Amendment right to due process; (4) failure to intervene; and (5) municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Docket No. 22 at 8-10. Detective Richards moves to dismiss Claims One, Two, Three, and Four on the basis of qualified immunity. *See* Docket No. 23 at 3-13. The City of Loveland, Colorado (the "City") moves to dismiss Claim Five pursuant to Rule 12(b)(6). *See* Docket No. 24 at 5-13.

### A. Claim One – False Arrest

In Claim One, plaintiff alleges that "Defendant Detective Corey Richards, acting under color of state law, deprived Plaintiff of his clearly established constitutional right to be free from unreasonable seizure and false arrest by causing Plaintiff to be arrested

without probable cause." Docket No. 22 at 8, ¶ 39. The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. A "seizure" of one's person occurs when a government actor terminates one's freedom of movement through intentional means. *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 596–97 (1989); *Scott v. Harris*, 550 U.S. 372, 381 (2007). An arrest requires probable cause to believe that the arrestee committed a crime. *Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008).

"In a qualified immunity context, the probable cause evaluation is a question of law appropriate for resolution by the Court." *Shimomura v. Carlson*, 17 F. Supp. 3d 1120, 1132 (D. Colo. 2014) (citing *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)). In determining whether an officer has probable cause for an arrest, the court must "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *D.C. v. Wesby,* 583 U.S. 48, 56–57 (2018) (internal quotations marks and citation omitted). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)). Probable cause is not a high bar. 583 U.S. at 57.

"[W]hen a warrantless arrest or seizure is the subject of a § 1983 action, the defendant is entitled to qualified immunity if a reasonable officer could have believed

that probable cause existed to arrest or detain the plaintiff." *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007) (en banc). Thus, "[a]s a practical matter, in the context of a qualified immunity defense on an unlawful arrest claim, [courts] ascertain whether a defendant violated clearly established law by asking whether there was arguable probable cause for the challenged conduct." *Corona v. Aguilar*, 959 F.3d 1278, 1285 (10th Cir. 2020) (internal quotation marks and alterations omitted). "Arguable probable cause" is another way of saying that the officers' conclusions about whether probable cause existed rested on a reasonable but mistaken belief. *Cortez*, 478 F.3d at 1120-21.

Detective Richards argues that plaintiff "relies on nothing but conclusions to construct his theories of liability and does not describe in any detail what Richards allegedly did, or more critically, did not do." Docket No. 23 at 4. He argues that the complaint "fails to include any discussion of what facts appear, or fail to appear, in the arrest affidavit and why Richards did not have reasonably trustworthy information at hand to warrant a prudent person in believing that Naji engaged in internet harassment." *Id.*

Plaintiff responds that the complaint plausibly alleges "from the outset of the investigation, Detective Richards fixated on Plaintiff without first verifying basic, readily available facts necessary to establish probable cause." Docket No. 32 at 5. Plaintiff contends that the complaint alleges Detective Richards's failure to "take fundamental investigative steps [] bear directly on identity and culpability." *Id.* Plaintiff also argues that the complaint's allegations regarding the results of the independent forensic

examination demonstrate that Detective Richards lacked probable cause for plaintiff's arrest. *See id.* at 6-7.

The Court finds that the complaint fails to plausibly allege that Detective Richards lacked probable cause to arrest plaintiff. The complaint contains no allegations regarding what evidence Detective Richards based his investigation of plaintiff on or what any affidavit by Detective Richards in support of an arrest warrant represented to the court. There are no allegations that describe what charges were filed against plaintiff. In order to find that Detective Richards lacked probable cause, the court must "examine the events leading up to the arrest" and determine whether these facts, "viewed from the standpoint of an objectively reasonable police officer," would amount to probable cause. *See Wesby,* 583 U.S. at 56–57 (citation omitted). The Court cannot do so where the complaint alleges no facts that describe the basis for the arrest warrant. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001) (affirming dismissal of plaintiff's Fourth Amendment claim because, "beyond the conclusory allegation in his complaint that no probable cause existed, plaintiff has not alleged any specific facts showing there was a lack of probable cause for his arrest and prosecution").

The complaint's allegations regarding exculpatory information later discovered by plaintiff's defense counsel do not demonstrate a lack of probable cause. The "assessment of probable cause must be based on what the officer knew at the time." *Meadows v. City of Okla. City*, 851 F. App'x 127, 129-30 (10th Cir. 2021) (unpublished). The fact that plaintiff's defense counsel later uncovered digital evidence that exculpated plaintiff does not bear on the facts Detective Richards knew at the time charges were

filed against plaintiff and whether those facts supplied probable cause. *See Manzanares v. Higdon*, 575 F.3d 1135, 1144 (10th Cir. 2009) ("information gleaned post-hoc" does not bear on the probable cause inquiry). Because plaintiff fails to plausibly allege the absence of probable cause for his arrest, he fails to allege a constitutional violation for false arrest by Detective Richards. Thus, plaintiff fails to satisfy the first prong of the qualified immunity test. Accordingly, Detective Richards is entitled to qualified immunity on Claim One.

**B. <u>Claim Two – Malicious Prosecution</u>**

In Claim Two, plaintiff alleges that Detective Richards "initiated and continued a criminal prosecution without probable cause and with reckless disregard for Plaintiff's rights." Docket No. 22 at 9, ¶ 42. The elements of a malicious prosecution claim are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)). A court may infer malice if a defendant causes the prosecution without arguable probable cause. *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014).

Detective Richards argues that plaintiff has failed to plausibly allege the first, second, and third element of a malicious prosecution claim. Detective Richards again states that plaintiff has not "adequately pled the absence of probable cause." Docket No. 23 at 7. Moreover, Detective Richards argues that the complaint "does not include any well-pled facts that speak to Richards' mental state to satisfy the malice

requirement." *Id.* at 7-8. He also argues that the complaint does not plausibly allege that Detective Richards caused plaintiff's prosecution because "the Complaint does not allege that Richards took any action, beyond merely drafting the arrest affidavit." *Id.* at 8.

Plaintiff responds that he plausibly alleges the lack of probable cause, as discussed above. Docket No. 32 at 7-8. Plaintiff also argues that "malice may be inferred where an officer knowingly or recklessly initiates or continues a prosecution without probable cause, including by disregarding evidence that undermines the reliability of the information on which probable cause is purportedly based." *Id.* at 8. Plaintiff contends that the complaint plausibly alleges that Detective Richards "fixated" on plaintiff as a suspect despite a lack of evidence and disregarded "readily available" exculpatory evidence. *Id.* Plaintiff also argues that Detective Richards caused his continued prosecution because "Richards' investigative failures, misinterpretation of third-party data, and omission of readily available exculpatory information misled prosecutors and directly resulted in the initiation and continuation of criminal charges that otherwise would not have been filed." *Id.* at 9.

As discussed above, the Court finds that the complaint fails to plausibly allege that Detective Richards lacked probable cause for the arrest affidavit. Plaintiff does not identify any other conduct of Detective Richards that resulted in his prosecution. Thus, plaintiff's malicious prosecution claim fails for this reason alone. Furthermore, the Court agrees that the complaint is devoid of allegations that demonstrate malice. To demonstrate malice, plaintiff must plausibly allege Detective Richards's misrepresentations or omissions were "intentional, rather than out of negligence or

inadvertence." *See Novitsky*, 491 F.3d at 1258 (internal quotation and citation omitted). The fact that exculpatory information was allegedly "readily available" does not demonstrate Detective Richards was aware of such information and nevertheless chose to seek plaintiff's arrest. Detective Richards alleged failure to seek out exculpatory information does not demonstrate malice. "The failure to investigate a matter fully . . . rarely suggests a knowing or reckless disregard for the truth. To the contrary, it is generally considered to betoken negligence at most." *Stonecipher*, 759 F.3d at 1142 (alteration and citation omitted).

Therefore, plaintiff fails to plausibly allege a claim for malicious prosecution and Detective Richards is entitled to qualified immunity on Claim Two.

### C. Claim Three – Due Process

In Claim Three, labeled "Violation of Due Process (42 U.S.C. § 1983 – Fourteenth Amendment)," plaintiff alleges that "Defendant's reckless and constitutionally deficient investigation deprived Plaintiff of due process of law." Docket No. 22 at 8, ¶ 44. Detective Richards moves to dismiss this claim on the grounds that, in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court concluded that the Fourth Amendment, not the Fourteenth Amendment, governs claims for false arrest. *See* Docket No. 23 at 9. Plaintiff responds that "*Albright* does not bar due process claims premised on the fabrication, suppression, or reckless disregard of evidence during a criminal investigation." Docket No. 32 at 11. Plaintiff states that he "plausibly alleges investigative misconduct that corrupted the integrity of the criminal proceedings – independent of the seizure itself." *Id.*

Even if the Court were to accept that *Albright* does not bar plaintiff's claim, plaintiff's claim nevertheless fails. Plaintiff's argument assumes that the complaint plausibly alleges Detective Richards fabricated, suppressed, or disregarded evidence. *See id.* The allegations in the complaints do not plausibly allege these facts. Instead of alleging that Detective Richards suppressed or ignored evidence that he was aware of, plaintiff alleges that Detective Richards conducted an inadequate investigation that resulted in the failure to uncover exculpatory evidence. *See* Docket No. 22 at 3-4, ¶¶ 7-10. However, plaintiff does not a have constitutional right to this kind of investigation. "The Fourteenth Amendment does not create a federally protected right to a proper investigation." *Lopez v. Ogden City*, 2022 WL 14003217, at *1 (D. Utah Oct. 24, 2022); *see also O'Connell v. City of Santa Fe*, 2005 WL 8163811, at *7 (D.N.M. Mar. 9, 2005) ("It is clear. . . that the Constitution does not entitle a suspect to a perfect investigation.") (citing *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994)). "Once an officer has accumulated sufficient evidence to constitute probable cause, the officer has no constitutional obligation to continue to investigate the matter despite the possibility that further investigation might uncover exculpatory evidence." *O'Connell*, 2005 WL 8163811, at *7.

Because plaintiff fails to plausibly allege a violation of his Fourteenth Amendment right to due process, Detective Richards is entitled to qualified immunity on Claim Three.

**D. <u>Claim Four – Failure to Intervene</u>**

In Claim Four, plaintiff alleges that "other officers or supervisory personnel had the opportunity prevent the violation of Plaintiff's rights, yet failed to act," Docket No. 22

at 9, ¶ 47, and alleges that Detective Richards "and other unknown officers knew or reasonably should have known that Plaintiff's constitutional rights were being violated." *Id.*, ¶ 48. "A plaintiff states a constitutional violation in the form of failure to intervene by alleging that 1) a government officer violated his constitutional rights, 2) a different government actor (the defendant) observed or had reasons to know about that constitutional violation, and 3) the defendant had a realistic opportunity to intervene, but failed to do so." *Bledsoe v. Carren*o, 53 F.4th 589, 616 (10th Cir. 2022).

Detective Richards argues that this claim should be dismissed because a failure to intervene claim asserts that "a *different* officer observed the constitutional violation" and the complaint "does not allege Richards observed another officer engaging in violative conduct and failed to step in to prevent it from occurring." Docket No. 23 at 10. Plaintiff responds that he has identified a violation of his constitutional rights and has plausibly alleged that "Richards was not a passive bystander, but an active participant in the investigation whose conduct included misinterpreting third-party data, disregarding readily available exculpatory information, and pressing forward with a prosecution despite facts undermining probable cause." Docket No. 32 at 12.

Because the Court finds that plaintiff has failed to allege a constitutional violation in Claims One, Two, and Three, he also fails to plausibly allege a failure to intervene claim. *See Martinez v. Jenneiahn*, No. 19-cv-03289-RM-NRN, 2022 WL 2191563, at *7 (D. Colo. June 17, 2022), *aff'd*, 2023 WL 4482404 (10th Cir. July 12, 2023) ("an underlying constitutional violation is a precondition of a failure-to-intervene claim") (alteration and citation omitted omitted). To the extent that plaintiff is attempting to plead his failure to intervene claim in the alternative, there are no allegations that

plausibly allege or identify a government officer that Detective Richards had reason to know had committed a constitutional violation. *See Molitor v. Mixon*, 2016 WL 9050778, at *2 n.3 (W.D. Okla. Nov. 21, 2016) ("It is true, as plaintiff urges, that a party may plead alternative theories arising out of the same facts, but there must still be some basis in those facts for concluding that a particular claim or theory of recovery is plausibly supported by them."). Rather, the allegations are directed at Detective Richards's own alleged constitutional violations. *See* Docket No. 22 at 3-4, ¶¶ 7-14; *see Eravi v. City Comm'n of Lawrence, Kan.*, 2025 WL 918201, at *10 (D. Kan. Mar. 26, 2025), *aff'd*, 2026 WL 1412970 (10th Cir. May 19, 2026) (agreeing that "plaintiff's failure-to-intervene claim against [defendant] makes little sense because plaintiff seemingly argues that [defendant] should have intervened to stop his own actions" and finding that "the elements of a failure-to-intervene claim confer liability on the observing officer, not the violating officer") (alterations, internal quotations, and citation omitted).

Because plaintiff has failed to plausibly allege that Detective Richards failed to intervene in a constitutional violation, Detective Richards is entitled to qualified immunity on Claim Four.

### E. Claim Five – *Monell* Claim

In Claim Five, plaintiff alleges that the City, through its policies, customs, and practices, failed to adequately train officers on "investigative procedures," failed to "require corroboration of digital evidence," and failed to "implement accountability measures to prevent wrongful prosecution." Docket No. 22 at 9-10, ¶ 54. In order to state a claim for municipal liability under § 1983 for the actions of a municipal employee, a plaintiff must allege sufficient facts to demonstrate that it is plausible (1) that the

municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). A municipal policy or custom can take the form of

> (1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations omitted).

A plaintiff must demonstrate "a direct causal link between the policy or custom and the injury alleged." *Id.* at 788 (citation omitted). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 405 (1997). "The causation element is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (citation omitted). Thus, in order to state a claim under *Monell*, a plaintiff must allege an "(1) official policy or custom, (2) causation, and (3) state of mind." *Id*. at 769.

The City argues that, because plaintiff has failed to allege a constitutional violation, plaintiff's *Monell* claim fails, Docket No. 24 at 7; that plaintiff's allegations regarding a municipal custom or policy are conclusory and do not plausibly allege a causal connection between the custom or policy and the injury alleged, *see id.* at 8-10; that, to the extent that plaintiff's *Monell* claim is based on a failure to train, "Plaintiff did not and cannot sufficiently plead that the City has been deliberately indifferent and cannot sufficiently allege a viable *Monell* claim against the City under the 'pattern of prior violations,'" *see id.* at 10-12; and that plaintiff fails to sufficiently plead causation between the City's alleged failure to train and plaintiff's injury. *See id.* at 12-13.

Not only does plaintiff fail to respond to the City's argument that his *Monell* claim should be dismissed, *see generally* Docket No. 32; *Schone v. Sodexo, Inc.*, No. 19-cv-02283-SKC, 2021 WL 915937, at *3 (D. Colo. Mar. 10, 2021) ("When an argument upon a motion to dismiss that claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal.") (citation omitted), he also fails to allege a constitutional violation as discussed above regarding Claims One, Two, Three, and Four. Under *Monell*, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Moreover, plaintiff fails to plausibly allege a *Monell* claim based on the City's failure to train. There are no allegations concerning how the City trains its officers or who trained them. *See Sexton v. City of Colo. Springs*, 530 F. Supp. 3d 1044, 1072 (D. Colo. 2021) (finding the plaintiff's failure-to-train allegations insufficient where the

plaintiff did not provide allegations about how the officers were trained and who trained them); *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192,1208 (D. Colo. 2020) (dismissing *Monell* claim for failure to allege specific facts regarding the officers' training, did not identify individuals that allegedly failed to adequately supervise or train, and did not contain allegations establishing a pattern of similar conduct); *Bark v. Chacon*, No. 10-cv-01570-WYD-MJW, 2011 WL 1884691, at *3 (D. Colo. May 18, 2011) (dismissing municipal liability claim where plaintiff had "generally allege[d]" that the individual defendants were not properly trained but had not "allege[d] specific deficiencies in training and supervision, or explain[ed] how the incident described in the Amended Complaint could have been avoided with different or better training and supervision"). Accordingly, the Court will grant the City's motion to dismiss Claim Five.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendant Corey Richards's Rule 12(b)(6) Motion to Dismiss [Docket No. 23] is **GRANTED**. It is further

**ORDERED** that Defendant City of Loveland's Motion to Dismiss [Docket No. 24] is **GRANTED**. It is further

**ORDERED** that Claims One, Two, Three, and Four are **DISMISSED with prejudice**.[2] It is further

---

[2] Because Detective Richards is entitled to qualified immunity on these claims, the Court will dismiss them with prejudice. *See Clark v. Wilson,* 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice"); *McCrary v. Jones*, 2015 WL 873641, at *6 (W.D. Okla. Feb. 27, 2015) (dismissing claim with prejudice where defendant was entitled to qualified immunity).

**ORDERED** that Claim Five is **DISMISSED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 11, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge